**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:03-CR-184-T-30EAJ

SEAN BUTLER,

    Respondent.
_____/

**O R D E R**

This cause comes before the Court for consideration of Defendant's Motion for Reconsideration for Extension of Time (Dkt. 455). Defendant is asking the Court to review his sentence, asserting that it "is a violation of his Sixth Amendment right" and that there "is [sic] laws that [have] just been past [sic], that give [Defendant] [the] right to file for a reduction in his sentence." *Id.* Although he does not so state, based on the nature of his request, the Court concludes that Defendant is seeking an extension of time to file a motion for collateral relief pursuant to 28 U.S.C. § 2255. For reasons discussed below, the Court finds that Defendant's motion should be denied.

Defendant was charged on June 26, 2003, in a superseding indictment with conspiracy to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and to possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as "crack," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), and 841(b)(1)(A)(iii) (Dkt. 57). Represented by court-appointed counsel, *see* Dkt. 148, Defendant agreed to enter a plea of guilty as charged in exchange for the Government's

promises that if no adverse information surfaced prior to sentencing suggesting that such requests were unwarranted, it would: (1) not oppose his request for a two-level downward adjustment in his base offense level for acceptance of responsibility; (2) file a motion for an additional downward adjustment of one level for acceptance of responsibility; and (3) not oppose his request that he be sentenced at the low end of the applicable guideline range (Dkt. 165 at 2-4). One consequence of Defendant's plea agreement is his waiver of the right to appeal his sentence,

> directly or *collaterally*, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5CI.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Dkt. 165 at 13.

Defendant's motion to substitute retained counsel was granted on September 10, 2003 (Dkt. 178). Defendant entered a guilty plea pursuant to his written plea agreement on October 10, 2003 (Dkt. 232). He was sentenced on February 24, 2004, to a 135-month term of imprisonment, to be followed by a 60-month term of supervised release (Dkt. 350). Judgment was entered on February 26, 2004 (Dkt. 355). Defendant did not file a notice of appeal, and the Government did not appeal. The only avenue of post-conviction relief available to a defendant who fails to file a timely appeal is to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

A § 2255 motion must, however, be filed within one year of the date on which the conviction becomes final. *See* 28 U.S.C. § 2255 ¶ 6. Since Defendant did not file an

appeal, his conviction became final on March 8, 2004.  *See* Fed. R. App. P. 3(a)[1] and 4(b)(1)(A)[2] ; *see also United States v. Rothseiden,* 680 F.2d 96, 97 (11th Cir. 1982) (finding that "the entry in the criminal docket of the judgment or order appealed from" triggers the period for filing a notice of appeal).  Thus, to be considered timely, his § 2255 motion would have to have been filed on or before March 8, 2005.  *See Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.")).  Defendant filed the present motion on March 31, 2005 -- 23 days after the limitations period expired (Dkt. 455).

In his motion for leave to file his § 2255 motion after the expiration of the one-year limitations period, Defendant is effectively asking that the Court reinitiate the limitation period.  As with the statute governing applications for relief from state court convictions, § 2255 "does not provide for reinitiating under these facts."  *See Tinker v. Moore*, 255 F.3d 1331, 1333-35 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002) (footnotes omitted).  Thus, absent equitable tolling, if Defendant were to file a § 2255 motion, it would be time-barred, and nothing in Defendant's motion for an extension of time indicates that he is entitled to the benefits thereof.

---

[1] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."  Fed. R. App. P. 3(a).

[2] "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:  (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."  The government did not file a notice of appeal in this case.

A district court may grant an extension of time to file a motion to vacate, set aside, or correct sentence pursuant to § 2255 only if (1) the moving party requests the extension *upon or after* filing the actual § 2255 motion and (2) rare and exceptional circumstances warrant equitably tolling the limitations period. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). The allegations in Defendant's motion are too vague and conclusory in nature to be considered a substantive § 2255 motion.

A *pro se* litigant's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). However, a litigant is not excused from complying with a judicial deadline because of his *pro se* status. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines").

ACCORDINGLY, the Court **ORDERS** that Defendant's Motion for Reconsideration for Extension of Time (Dkt. 455) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 20, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copies furnished to:
*Pro se* Defendant
Counsel of Record